MN - 204
(Rev'd 9/09)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**Laura Jean Cich,**                                              BKY **18-42951-MER**

    Debtor.                                              Chapter 7

**NOTICE OF SETTLEMENT**

To:  The United States Trustee, all creditors and other parties in interest.

**NOTICE.**  On July 18, 2019, or as soon thereafter as the transaction may be completed, and subject to objection under applicable rules, the undersigned trustee of the estate of the debtor named above will settle a controversy as follows:

The trustee objected to certain claims of exemption asserted by the debtor, pursuant to a Motion Objecting to Claimed Exempt Property (Doc. No. 18), and asserted claims to property deemed non-exempt.  The Court entered an Order Regarding Objection to Claimed Exempt Property (Doc. No. 35), partially resolving the exemption objections by noting the debtor's withdrawal of any claim of exemption in a vehicle and jewelry; allowing the debtor's claim of exemption in the 2009 Toyota Highlander to the extent of $4,800 and denying it to the extent of $2,213; allowing the debtor's claims of exemption in household goods, artwork, electronics and furniture to the extent of $10,800 and denying the claims of exemption to the extent of all value in excess of $10,800 and holding the debtor and the trustee will agree to the items to be included under the debtor's exemption and the items to be turned over to the estate, or, if not agreed upon, to be decided by further hearing, including the claims of the estate to musical instruments; and, ruling that the issue of whether the debtor has an allowable exemption to the $50,748.24 portion of the debtor's individual retirement account attributable to a property settlement is a legal issue that, in the event the parties did not reach agreement, would be submitted on further briefing for determination by the Court.  The debtor has complied with turnover of the non-exempt jewelry and the amount due for the Toyota.  The parties wish to enter into an agreement to avoid further litigation and to settle the issues raised in the trustee's motion.  The debtor will turn over to the trustee's agent and make available for sale by the estate the items identified on Exhibit A.  Such items are in addition to the items already turned over to the trustee and sold at auction pursuant to the Notice of Sale (Doc. No. 37) and Report of Sale (Doc. No. 52).  The trustee will claim no further interest in the debtor's remaining items of household goods, artwork, electronics, furniture and musical instruments.  The debtor will further pay to the trustee the sum of $5,000.00 within 10 days of approval of the terms of this settlement.  The debtor will assert no further claims of exemption in the items surrendered.  The trustee and the debtor agree the issue of the estate's claim to the $50,748.24 portion of the debtor's individual retirement account attributable to a property settlement will be determined by the decision in the pending 8th Circuit appeal of *Lerbakken v. Sieloff & Associates, P.A. (In re Lerbakken)*, B.A.P. No. 18-6018, 8th Cir. Court of Appeals No. 18-3415.  The trustee will file a withdrawal of the pending Motion Objecting to Claimed Exempt Property.  The trustee believes the foregoing settlement to be in the best interests of the estate in order to avoid the costs, delays and risks inherent in contested litigation.

**OBJECTION: MOTION: HEARING**.  Under applicable rules, any objection must be in writing, be served on the undersigned trustee and the United States Trustee, and be filed with the clerk, not later than 12:00 o'clock noon on the day before the date set for the settlement.  If an objection is timely served and filed, the court will hold an expedited hearing on the objection with reduced notice of the hearing.  The hearing will be scheduled by the trustee with notice by the trustee to the objecting party and the United States Trustee.  If an objection is made or an order is required, the undersigned trustee moves the court for such orders as may be necessary or appropriate.

| | | |
|---|---|---|
| U.S. Bankruptcy Court | U.S. Trustee | Julia A. Christians, Trustee |
| 301 U.S. Courthouse | 1015 U.S. Courthouse | 120 South Sixth Street, Suite 2500 |
| 300 South Fourth Street | 300 South Fourth Street | Minneapolis, MN 55402 |
| Minneapolis, MN 55415 | Minneapolis, MN 55415 | |

Dated:  June 26, 2019                                                                    /e/ *Julia A. Christians*
                                                                                       Julia A. Christians, Trustee
                                                                                       120 South Sixth Street, Suite 2500
                                                                                       Minneapolis, MN  55402
                                                                                       (612) 338-5815

18-322